USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
FRANCISCO MEDINA,                   :    16 Civ. 5043 (AT) (JCF)
                                    :    94 Cr. 0872 (SAS) (JCF)
             Movant,                :
                                    :    REPORT AND
     - against -                    :    RECOMMENDATION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
             Respondent.            :
- - - - - - - - - - - - - - - - - - :
TO THE HONORABLE ANALISA TORRES, U.S.D.J.:

In light of <u>Johnson v. United States</u>, __ U.S. __, 135 S. Ct. 2551 (2015), Francisco Medina, proceeding <u>pro se</u>, moves pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside the sentence he is currently serving for murder and related crimes. For the reasons stated herein, his motion should be denied.

Background

On July 23, 1998, Mr. Medina pled guilty pursuant to a written plea agreement to thirteen counts of murder in aid of racketeering, one count of participation in a racketeering enterprise, one count of conspiracy to participate in a racketeering enterprise, and three counts of use and carrying of a firearm during a crime of violence.[1] (Plea Agreement at 1-5; 7/23/98 Tr. at 13-17; Amended

---

[1] Although the Amended Judgment states that Mr. Medina pled guilty to count 33, conspiracy to commit murder (Amended Judgment in a Criminal Case ("Amended Judgment") at 2), according to the plea agreement and the transcript of the allocution, he pled guilty not to count 33, but to count 34, which charged a murder in aid of

1

Judgment at 1-2). On December 14, 1998, he was sentenced to a term of imprisonment of 600 months and, upon release, a term of supervised release of five years. (Transcript dated Dec. 14, 1998 ("12/14/98 Tr.") at 28-29; Amended Judgment at 3-4).

On June 24, 2016, Mr. Medina moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the Court's holding in Johnson that the "residual clause" defining the term "violent felony" in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. See Johnson, 135 S. Ct. at 2557, 2563. He contends that his sentence under 18 U.S.C. § 924(c)[2] should be reconsidered because this section contains a similar "residual clause," which partially defines the comparable term "crime of violence." (Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") at 5).

Discussion

    A.   Waiver of Collateral Attack

The Government contends that the movant is not entitled to

---

racketeering. (Plea Agreement dated July 23, 1998 ("Plea Agreement"), attached as Exh. to Letter of Andrew K. Chan dated Aug. 16, 2016, at 5; Transcript dated July 23, 1998 ("7/23/98 Tr."), at 12, 16-17; Third Superseding Indictment ("S3 Indictment"), ¶¶ 90-91).

[2] Section 924(c) makes it unlawful to, among other things, use or carry a firearm during a crime of violence.

collaterally attack his sentence under 28 U.S.C. § 2255 because he waived that right in his plea agreement.  "There is no general bar to a waiver of collateral attack rights in a plea agreement." Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002).  The Second Circuit has stated:

> We have long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into.  The reasons for enforcing waivers of direct appeal in such cases lead us to the same conclusion as to waivers of collateral attack under § 2255.

Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (internal citation omitted).  Indeed, "appeal waivers are applicable to issues arising subsequent to the plea agreement, including issues created by new judicial decisions.  [The Second Circuit has] noted that the possibility of changes in the law is simply one of the risks allocated by the parties' agreement." United States v. Haynes, 412 F.3d 37, 38-39 (2d Cir. 2005) (per curiam) (citations omitted).  "However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement."  Frederick, 308 F.3d at 195. Additionally, if a "sentencing decision . . . was reached in a manner that the plea agreement did not anticipate," then an appeal waiver will not be enforced.  United States v. Woltmann, 610 F.3d

3

37, 40 (2d Cir. 2010) (alteration in original) (quoting United States v. Liriano-Blanco, 510 F.3d 168, 174 (2d Cir. 2007)).

The plea agreement signed by Mr. Medina contains a waiver, which reads:

> It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the defendant will have no right to withdraw his plea of guilty should the Court impose the stipulated sentence agreed upon by the parties pursuant to Rule 11(e)(1)(C).
>
> It is further agreed (i) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, the sentence agreed upon by the parties, and (ii) that the Government will not appeal the sentence agreed upon by the parties.

(Plea Agreement at 7). The plea agreement stipulated that a term of fifty years was appropriate and that the agreement would be voidable if that sentence were not imposed. (Plea Agreement at 6). In accordance with the agreement, the Honorable Shira A. Scheindlin, U.S.D.J., imposed a sentence of fifty years. (12/14/98 Tr. at 28).

The petitioner does not contend that the process by which the waiver was procured was deficient; rather, he asserts that his waiver was not knowing and voluntary because he could not have known "that he was also waiving a right that didn't exist at the time of the guilty plea." (Traverse at 2). However, this is not a legitimate attack on the waiver. See Garcia-Santos, 273 F.3d at

4

509.  Indeed, the petitioner's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver." United States v. Harrison, 699 F.3d 158, 159 (2d Cir. 2012) (per curiam) (quoting United States v. Riggi, 649 F.3d 143, 150 n.7 (2d Cir. 2011)).

Furthermore, there is no indication that the waiver was not knowing and voluntary.  Mr. Medina and his counsel signed the agreement.  (Plea Agreement at 8).  The agreement and the possible penalties were read to the petitioner through an interpreter.  (7/23/98 Tr. at 2).  After Mr. Medina agreed to enter his plea before the Honorable Michael H. Dolinger, U.S.M.J., Judge Dolinger ensured that Mr. Medina's plea was voluntary and that he understood the charges, the possible sentences, and the waiver of rights.[3]  (7/23/98 Tr. at 10-45).  Mr. Medina has asserted no reason why he would not have understood the plea agreement.  See, e.g., Santana v. United States, No. 04 Civ. 1111, 2005 WL 180932, at *4 (S.D.N.Y.

---

[3] Though Judge Dolinger did not specifically explain that the plea agreement waived the right to appeal the sentence, Judge Dolinger ensured that the plea agreement was itself voluntary. (7/23/98 Tr. at 18-25).  Additionally, at sentencing, Judge Scheindlin explained that the agreement barred appeal of the sentence, except as to defects in the sentencing proceeding itself. (12/14/98 Tr. at 32-33).

5

Jan. 26, 2005). Therefore, the waiver bars the petitioner's collateral attack on his sentence.

    B.   <u>Effect of Johnson</u>

        1.   <u>Vagueness</u>

Even if there were no waiver barring review here, <u>Johnson</u> has no effect. In <u>Johnson</u>, the Court addressed the constitutionality of a provision of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1), specifically, a provision under which a defendant convicted of being a felon in possession of a firearm faces a more severe punishment if he has three or more previous "violent felony" convictions. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined by the ACCA in two ways:

> any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B) (emphasis added). <u>Johnson</u> held that the latter phrase, the so-called "residual clause," was unconstitutionally vague. __ U.S. at __, 135 S. Ct. at 2557, 2563; <u>United States v. Hill</u>, 832 F.3d 135, 145 (2d Cir. 2016).

Here, however, Mr. Medina pled guilty to a different provision, 18 U.S.C. § 924(c). (S3 Indictment, ¶¶ 135, 137, 141; Plea Agreement at 5; 7/23/98 Tr. at 17; Amended Judgment at 2). That provision makes it unlawful to, among other things, use or carry a firearm during a crime of violence. 18 U.S.C. § 924(c). A "crime of violence" for the purposes of this provision means that the crime must be a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Second Circuit has already concluded that, even after <u>Johnson</u>, the second definition in § 924(c)(3) is not unconstitutionally vague. <u>Hill</u>, 832 F.3d at 146. The court determined "that the Supreme Court's explanation for its conclusion in <u>Johnson</u> [] renders that case inapplicable to the risk-of-force clause at issue here. Section 924(c)(3)(B) does not involve the [] uncertainty present in <u>Johnson</u> []." <u>Hill</u>, 832 F.3d at 146. Mr. Medina's challenge on that ground is thus foreclosed.

2. <u>Conspiracy</u>

Mr. Medina argues in the alternative that because the underlying crimes of violence contained in the § 924(c) counts

7

include conspiracy to commit murder[4] (S3 Indictment, ¶¶ 135, 137, 141), his sentence must be revisited because, after <u>Johnson</u>, crimes of conspiracy

> are not crimes of violence . . . and lack as an element use, threaten [sic] use, or actual use of physical force. . . . [T]he crime of conspiracy, which does not require anything more than an agreement to commit a crime, is not a crime of violence necessary to support the § 924(c) conviction.

(Motion at 5).

That reading reflects a fundamental misunderstanding of <u>Johnson</u>. As the Second Circuit explained:

> The Supreme Court in <u>Johnson</u>[] determined that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." In particular, the Court focused on the double-layered uncertainty embedded in the clause's operation -- which required courts . . . first to estimate the potential risk of physical injury posed by "a judicially imagined 'ordinary case' of [the] crime" at issue, and then to consider how this risk of injury compared to the risk posed by the four enumerated crimes, which are themselves, the Court noted, "far from clear in respect to the degree of risk each poses." It was these twin ambiguities -- "combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony" -- that offended the Constitution.

---

[4] Notably, the petitioner pled guilty only to the murders and not the accompanying conspiracy charges. (Plea Agreement at 2-5; 7/23/98 Tr. at 14-16). Indeed, although conspiracy to murder -- along with murder -- was an underlying crime for the § 924(c) charges in the indictment (S3 Indictment, ¶¶ 36-37, 44-45, 60-61, 135, 137, 141), conspiracy to murder was not mentioned as an underlying crime in the plea agreement or during the plea allocution (Plea Agreement at 5; 7/23/98 Tr. at 17).

Hill, 832 F.3d at 145-46 (second and fourth alterations in original) (emphasis omitted) (footnote omitted) (citations omitted) (quoting Johnson, __ U.S. at __, 135 S. Ct. at 2557-58). Indeed,

> the prevailing Second Circuit law on conspiracies in the context of crimes of violence also weighs against [Mr. Medina's] argument.  In United States v. Patino, the [Second] Circuit held that a conspiracy to commit a crime that has been recognized as a crime of violence is itself a crime of violence:
>
>> A conspiracy, by its very nature, is a collective criminal effort where a common goal unites two or more criminals.  Such a meeting of the minds enhances the likelihood that the planned crime will be carried out.  Thus, when a conspiracy exists to commit a crime of violence . . . the conspiracy itself poses a "substantial risk" of violence, which qualifies it under Section 924(c)(1) and Section 924(c)(3)(B) as a crime of violence.

United States v. Biba, __ F. Supp. 3d __, __, 2016 WL 6583635, at *5 (E.D.N.Y. 2016) (third alteration in original) (quoting United States v. Patino, 962 F.2d 263, 267 (2d Cir. 1992)).  Even after Johnson, courts have held that "Patino's holding that a conspiracy to commit a recognized crime of violence is itself a crime of violence" survives.  Id. (citation omitted); see also United States v. Conyers, No. 15 Cr. 537, 2016 WL 7189850, at *4 (S.D.N.Y. Dec. 9, 2016) ("Likewise, a conspiracy may be a crime of violence where the conspiracy involves an agreement to commit a predicate crime that would itself be a crime of violence."); Ubiera v. United

States, Nos. 16 Civ. 4959, 03 Cr. 1102, 2016 WL 4597616, at *2 (S.D.N.Y. Sept. 2, 2016) (same).

Here, in the superseding indictment, the underlying crimes in each of the § 924(c) counts included murder and conspiracy to commit murder. (S3 Indictment, ¶¶ 135, 137, 141). Indeed, Mr. Medina pled guilty to the underlying murder charges. (Plea Agreement at 2-4; 7/23/98 Tr. at 14-15). Therefore, the petitioner's reasoning is unavailing.

Conclusion

For the reasons discussed above, I recommend that Mr. Medina's motion be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Analisa Torres, Room 2210, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          February 3, 2017

Copies transmitted this date to:

Francisco Medina
00170-748
Federal Correctional Institution
Allenwood
P.O. Box 2000
White Deer, PA 17887

Andrew K. Chan, Esq.
Assistant U.S. Attorney
1 St. Andrew's Plaza
New York, NY 10007

11